UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
NOV 1 9 2015
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

PAUL STAPLES,

    Plaintiff,

v.

UNITED STATES INTERNAL REVENUE SERVICE,

    Defendant.

CIVIL NO. SA-15-CA-958-OLG

**ORDER**

On November 4, 2015, plaintiff paid the civil filing fee and filed a motion to quash in which plaintiff asks the Court to enter an order "to temporarily and preliminarily confine the power of the Government" by quashing a subpoena the Internal Revenue Service served on the Bank of America on or about October 27, 2015, seeking the production of certain bank records relating to plaintiff.[1] Thus, the relief plaintiff requests equates to a request for the issuance of a preliminary and final injunction. Further, plaintiff has not filed with the Court any evidence that he has served his motion on defendant or would be making any attempt to notify defendant of plaintiff's motion and the proceedings in this Court. On November 5, 2015, the Court issued an order to show cause requiring plaintiff to show cause why his motion to quash should not be denied on or before November 16, 2015.[2]

---

[1] Docket no. 2 at 14 and 28.

[2] Docket no. 3.

A. **Summary of Standards**

In this Circuit, the test for entitlement to a preliminary injunction has four parts. A preliminary injunction may be granted only if the moving party establishes each of the following four factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury to the applicant out-weighs the threatened harm to the party sought to be enjoined; and (4) granting the injunction will not disserve the public interest.[3] These four elements are mixed questions of law and fact.[4]

A preliminary injunction is an extraordinary remedy and the decision to grant a preliminary injunction is to be treated as the exception rather than the rule.[5] The Fifth Circuit has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four

---

[3] See e.g., Bluefield Water Ass'n, Inc. v. City of Starkville, Miss., 577 F.3d 250, 252-53 (5th Cir. 2009); Ponce v. Socorro Ind. Sch. Dist., 508 F.3d 765, 768, (5th Cir. 2007); Lake Charles Diesel, Inc. v. General Motors Corp., 328 F.3d 192, 195-96 (5th Cir. 2003); Hoover v. Morales, 164 F.3d 221, 224 (5th Cir. 1998). See also Ruscitto v. Merrill Lynch, Pierce, Fenner & Smith, 777 F.Supp. 1349, 1353 (N.D. Tex.) (preliminary injunction granted to enforce restrictive covenants pending arbitration), aff'd 948 F.2d 1286 (5th Cir. 1991), cert. denied, 504 U.S. 930, 112 S.Ct. 1994 (1992).

[4] Bluefield Water Ass'n., 577 F.3d at 253; Sunbeam Prods., Inc. v. West Bend Co., 123 F.3d 246, 250 (5th Cir. 1997), cert. denied, 523 U.S. 1118, 118 S.Ct. 1795 (1998), abrogated on other grounds by Eppendorf-Netheler-Hinz GMBH v. Ritter GMBH, 289 F.3d 351 (5th Cir. 2002).

[5] Valley v. Rapides Parish Sch.Bd., 118 F.3d 1047, 1050 (5th Cir. 1997); House The Homeless, Inc. v. Widnall, 94 F.3d 176, 180 (5th Cir. 1996), cert. denied, 520 U.S. 1169, 117 S.Ct. 1434 (1997).

requirements."[6] If the applicant fails to establish any of the four requirements with respect to the injunctive relief sought, the injunction should not issue as to that aspect of the relief.[7]

The Fifth Circuit's review is "deferential:"

> A district court's determination as to each of the elements required for a preliminary injunction are mixed questions of fact and law, the facts of which this Court leaves undisturbed unless clearly erroneous. Conclusions of law made with respect to denial of a preliminary injunction are reviewed *de novo*. The ultimate decision for or against issuing a preliminary injunction is reviewed under an abuse of discretion standard.[8]

**B.    Discussion**

At the threshold, by this time this order is filed, based on the information provided by plaintiff, plaintiff's request is moot. According to the information supplied by plaintiff, the Bank has notified plaintiff it is would comply with the terms of the subpoena on November 5, 2015.[9]

With respect to the merits of plaintiff's request for immediate, *ex parte*, injunctive relief, plaintiff's current submissions do not provide authority to show the award of any relief without prior notice to defendant would be appropriate, nor do they appear to demonstrate a likelihood of

---

[6] Bluefield Water, 577 F.3d at 250 (quoting Lake Charles Diesel, 328 F.3d at 195-96).

[7] Bluefield Water, 577 F.3d at 253 (vacating one part of preliminary injunctive relief granted, stating, "We are convinced that the district court erred as to one wing of the granted injunctive relief, namely requiring Starkville to turn over billing and customer relations to Bluefield," but affirming another part of the relief, stating, "By contrast, we are persuaded that the district court acted within its discretion to require Starkville to supply water to Bluefield via a 12-inch main.").

[8] Bluefield Water, 577 F.3d at 253 (quoting Guy Carpenter & Co. v. Provenzale, 334 F.3d 459, 463 (5th Cir. 2003) (internal citations omitted)).

[9] Docket no. 2 at 5. Plaintiff states that on September 28, 2015, plaintiff filed a petition in the United States Tax Court; although plaintiff has not provided further information, the pendency of tax court proceedings suggests there is an on-going dispute about the payment of taxes.

success on the merits. Plaintiff has not provided authority to show the IRS lacks the authority to issue a third party subpoena to obtain a taxpayer's financial records in the custody of a bank in connection with an investigation of the proper payment of federal income taxes. More particularly directed to plaintiff's central argument, plaintiff cites no authority that states simply because the IRS summoned plaintiff to appear before a revenue officer in 2013 and then the revenue officer did not keep the appointments, the IRS later cannot subpoena third parties for records.[10] Plaintiff provides no authority or argument to show the subpoena lacks statutory authority or is over-broad.

### C. Conclusion

Upon consideration thereof,

**IT IS ORDERED** that plaintiff's motion to quash is **DENIED**.

**ORDERED, SIGNED** and **ENTERED** this 19th day of November, 2015.

ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

---

[10] Plaintiff's reliance on Schultz v. IRS, 413 F.3d 297, 302 (2d Cir. 2005), appears to be inapposite. In Schultz, the Second Circuit was addressing a taxpayer's motion to quash IRS administrative summons served *on the taxpayer* requiring the taxpayer to appear, not a summons served on a third-party financial institution. Although this may be a distinction without a difference to plaintiff, who contends his bank records are "his private and personal property," docket no. 2 at 10, plaintiff cites no authority to show the distinction carries no legal significance with respect to the disposition of plaintiff's motion which challenges a subpoena for records served on a financial institution.